THOMAS J. WARWICK, Jr.
State Bar No. 56200
GRIMES & WARWICK
P.O. Box 124817
San Diego, CA 92112
Telephone: (619) 232-0600
twarwick@grimesandwarwick.com

Attorney for Defendant
PHONG TRAN

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA
### (HON. MARILYN HUFF)

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>         Plaintiff, <br> v. <br> PHONG TRAN, <br>         Defendant. | Case No. 16CR1409H <br><br> NOTICE OF MOTIONS AND MOTIONS TO: <br><br> 1) COMPEL DISCOVERY AND PRESERVE EVIDENCE and; <br> 2) GRANT LEAVE TO FILE FURTHER MOTIONS |

**TO: LAURA DUFFY, UNITED STATES ATTORNEY, AND HER REPRESENTATIVE, VALERIE CHU, ASSISTANT UNITED STATES ATTORNEY:**

**PLEASE TAKE NOTICE** that on July 25, 2016 at 2:00 p.m., or as soon thereafter as counsel may be heard, the Defendant, Phong Tran, by and through his attorney, Thomas J. Warwick, Jr. will ask this Court to enter an order granting the motions listed below.

///

1                                                                    16CR1409H

# MOTIONS

Defendant, PHONG TRAN, by and through his attorney, Thomas J. Warwick, Jr., pursuant to the Fourth, Fifth, and Sixth Amendments to the United States Constitution, the Federal Rules of Criminal Procedure, and all other applicable statutes, case law, and local rules, hereby moves this Court for an order:

1) To compel further discovery and preserve evidence; and

2) Grant leave to file further motions.

These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, and any and all other materials that may come to this Court's attention at the time of the hearing on these motions.

Dated: <u>July 12, 2016</u>　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　<u>/s/ THOMAS J. WARWICK, JR.　</u>
　　　　　　　　　　　　　　　　　　THOMAS J. WARWICK, JR.
　　　　　　　　　　　　　　　　　　Attorney for Defendant
　　　　　　　　　　　　　　　　　　PHONG TRAN

THOMAS J. WARWICK, Jr.
State Bar No. 56200
GRIMES & WARWICK
P.O. Box 124817
San Diego, CA 92112
Telephone: (619) 232-0600
twarwick@grimesandwarwick.com

Attorney for Defendant
PHONG TRAN

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA
### (HON. BERNARD G. SKOMAL)

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 16CR1409H |
| Plaintiff, | NOTICE OF MOTIONS AND MOTIONS TO: |
| v. | 1) COMPEL DISCOVERY AND PRESERVE EVIDENCE and; |
| PHONG TRAN, | 2) GRANT LEAVE TO FILE FURTHER MOTIONS |
| Defendant. | |

**I.**
**STATEMENT OF THE CASE**

On June 16, 2016 a complaint was filed against Mr. Tran alleging Title 18, U.S.C., Sec. 371 (Conspiracy), Title 18, U.S.C., Sec. 1341 and 1356 (Honest Services Mail Fraud), Title 18 U.S.C., Sec. 1952(a)(1) and (a)(2) (Travel Act), Title 18, U.S.C., Sec. 2 (Aiding and Abetting), Title 18 U.S.C., Sec. 981 (a)(1)(c) and Title 28, U.S.C., Sec. 2461 (c) (Crimial Forfeiture). Mr. Tran was indicted on

June 16, 2016 on this same charge. On June 29, 2016, Mr. Tran was arraigned on the indictment.

## II.
## MOTION TO COMPEL FURTHER DISCOVERY

Mr. Tran requests the following discovery pursuant to Fed. R. Crim. P. 16:

(1) <u>The Defendant's Statements.</u> Under Fed. R. Crim. P. 16 (a)(1)(A), the defendant is entitled to the disclosure of <u>all</u> copies of any written or recorded statements made by the defendant; defendant; the substance of any statements made by the defendant which the Government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements which the Government intends to introduce at trial, and any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent; any response to any Miranda warnings which may have been given to the defendant (see United States v. McElroy, 697 F.2d 459 (2d Cir. 1982)); and any other statements by the defendant that are discoverable under Fed. R. Crim. P. 16(a)(1)(A). The Advisory Committee Notes, as well as the 1991 amendments to Rule 16, make it clear that the Government must reveal all of the defendant's statements, whether oral or written, regardless of whether the Government intends to introduce those statements.

///

(2) <u>Arrest Reports, Notes, and Audio and/or Video Tapes</u>. Mr. Tran also specifically requests that all arrest reports, notes, and all audio and/or video tapes that relate to the circumstances surrounding his arrest or any questioning, if such reports, notes, or tapes have not already been produced in their entirety, be turned over to him. This request includes, but is not limited to, any rough notes, records, reports, transcripts, or other documents in which statements of the defendant or any other discoverable material is contained. This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and Brady v. Maryland, 373 U.S. 83 (1963). (See also United States v. Johnson, 525 F.2d 999 (2d Cir. 1975); United States v. Lewis, 511 F.2d 798 (D.C. Cir. 1975); United States v. Pilnick, 267 F. Supp. 791 (S.D.N.Y. 1967); and Loux v. United States, 389 F.2d 911 (9th Cir. 1968).) Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant are available under Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim. P. 26.2 and 12(I).

(3) <u>Reports of Tests and/or Examinations</u>. Pursuant to Fed. R. Crim. P. 16(D), Mr. Tran requests the reports of all tests and examinations conducted upon the evidence in this case, including, but not limited to, any fingerprint testing done upon any evidence obtained in this case that is within the possession, custody, or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the Government, and which

are material to the preparation of the defense or which are intended for use by the Government as evidence in chief at the trial. Mr. Tran also requests copies of any reports of physical and mental examinations, which are material to the defense or intended for use by the Government as evidence at the trial. (Fed. R. Crim. P. 16(a)(1)(D).)

(4) <u>Brady Material</u>. Mr. Tran requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the Government's case. Impeachment, as well as exculpatory evidence, falls within Brady's definition of evidence favorable to the accused. (United States v. Bagley, 473 U.S. 667 (1985).) This request specifically includes any information about out-of-court identifications of Mr. Tran by percipient witnesses to any transactions.

(5) <u>Evidence Seized</u>. Evidence seized as a result of any search, either warrantless or with a warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(c).

(6) <u>Request for Preservation of Evidence</u>. Mr. Tran requests that all surveillance and any other relevant tapes, photographs, or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the Government and which relate to the arrest or the events leading to the arrest in this case be preserved. This request specifically includes, but is not limited to, any and all audiotapes of monitored telephonic

communications, and any evidence seized from any third party. It is requested that the Government be ordered to question all of the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists and, if it does exist, to inform those parties to preserve any such evidence. Specifically, the defense requests the preservation and opportunity to inspect and copy all physical evidence that is allegedly involved in this case.

(7) <u>Tangible Objects</u>. Mr. Tran requests, under Fed. R. Crim. P. 16(a)(2)(c), the opportunity to inspect and copy, as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, photographs of buildings or places, or copies of portions thereof, which are material to the defense or intended for use in the Government's case-in-chief, or were obtained from or belong to the defendant.

(8) <u>Evidence of Bias or Motive to Lie</u>. Mr. Tran requests any evidence that any prospective Government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony. This request specifically includes, but is not limited to, any evidence that the percipient informant-witnesses are biased against the defendant, or has a motive to falsify or distort their testimony. (Pennsylvania v. Ritchie, 480 U.S. 39 (1987); United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988).)

///

(9) <u>Impeachment Evidence</u>. Mr. Tran requests any evidence that any prospective Government witness has engaged in any criminal act, whether or not resulting in a conviction, and whether any witness has made a statement favorable to the defendant. (See Fed. R. Evid. 608, 609 and 613.) Such evidence is discoverable under Brady v. Maryland, supra. (See United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); and Thomas v. United States, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility).)

(10) <u>Evidence of Criminal Investigation of Any Government Witness</u>. Mr. Tran requests any evidence that any prospective witness is under investigation by federal, state, or local authorities for any criminal conduct. (See United States v. Chitty, 760 F.2d 425 (2d Cir.) cert. denied, 474 U.S. 945 (1985).)

(11) <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling</u>. The defense requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. (United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988); Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980).)

(12) <u>Name of Witnesses Favorable to the Defendant.</u> Mr. Tran requests the name of any witness who made an arguably favorable statement concerning the

defendant. (Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980); Jones v. Jago, 575 F.2d 1164, 1168 (6th Cir.), cert. denied, 439 U.S. 883 (1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979), cert. denied, 444 U.S. 1086 (1980).)

(13)   Statements Relevant to the Defense. Mr. Tran requests disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert. (United States v. Bailleaux, 685 F.2d 1105 (9th Cir. 1982).)

(14)   Jencks Act Material. The defense requests all material to which defendant is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, and Fed. R. Crim. P. 26.2. These materials are producible after a witness testifies at a pretrial motion to suppress, Fed. R. Crim. P. 12(I), and after a witness testifies at trial. (18 U.S.C. § 3500.) Mr. Tran specifically requests pretrial production of these statements so that the court may avoid unnecessary recesses and delays for defense counsel to properly use any Jencks statements and prepare for cross-examination. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under 18 U.S.C. § 3500(e)(1). (Campbell v. United States, 373 U.S. 487, 490-92 (1963).) In United States v. Boshell, 952 F.2d 1101 (9th Cir. 1991), the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act.

(15) <u>Giglio Information</u>. Pursuant to Giglio v. United States, 405 U.S. 150 (1972), Mr. Tran requests all statements and/or promises, express or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witness.

(16) <u>Grand Jury Transcripts</u>. Transcripts of all testimony given before the Grand Jury and those portions of Grand Jury minutes containing relevant testimony of persons whom the Government intends to call as witnesses in an evidentiary hearing or trial in the above-captioned case.

(17) <u>Government Examination of Law Enforcement Personnel Files</u>. Mr. Tran requests that the Government examine the personnel files and any other files within its custody, care, or control, or which could be obtained by the Government, for all testifying witnesses, including testifying officers and agents who may have been controlling or contacting any confidential informant in this case. Mr. Tran requests that the Assistant U.S. Attorney assigned to this case ensure that a review is conducted of all such files involved in the present case for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991).

(18) <u>Expert Witnesses</u>. Mr. Tran requests the name, qualifications, and a

written summary of the testimony of any person that the Government intends to call as an expert witness during its case-in-chief. (Fed R. Crim. P. 16(a)(1)(E).)

(19) <u>Any Information That May Result in a Lower Sentence</u>. As discussed above, this information is discoverable under Brady v. Maryland, 373 U.S. 83 (1963). This request includes any cooperation or attempted cooperation by the defendant, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines. Also included in this request is any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, or any other application of the Guidelines.

(20) <u>The Defendant's Prior Record</u>. Evidence of prior record is available under Fed. R. Crim. P. 16(a)(1)(B).

(21) <u>Any Proposed 404(b) Evidence.</u> Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(c) and Fed. R. Evid. 404(b) and 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. The defendant requests that such notice be given three (3) weeks before trial in order to give the defense time to adequately investigate and prepare for trial.

(22) <u>Residual Request</u>. Mr. Tran intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. Mr. Tran also requests that the Government provide him with the above material sufficiently in advance of trial so as to avoid unnecessary delay prior to cross-examination.

### III.
### MR. TRAN REQUESTS LEAVE TO FILE FURTHER MOTIONS

After review of the discovery in this case, the defense may find it necessary to file further motions. It is, therefore, requested that defense counsel be allowed the opportunity to file further motions based upon information gained through the discovery process.

///

///

///

///

///

///

///

# IV.
# **CONCLUSION**

For the foregoing reasons, Mr. Tran respectfully requests that this Court grant the above motions.

Dated: <u>July 12, 2016</u>     Respectfully Submitted,


     <u>/s/ THOMAS J. WARWICK, JR.</u>

     THOMAS J. WARWICK, JR
     Attorney for Defendant
     PHONG TRAN