LAURA E. DUFFY
United States Attorney
VALERIE H. CHU
California Bar No. 241709
Assistant U.S. Attorney
Federal Office Building
880 Front Street, Room 6293
San Diego, CA 92101-8893
Tel.: (619) 546-6750
Email: Valerie.chu@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HOOTAN MELAMED (1),<br>JEAN FRANCOIS PICARD (2),<br>JOHN PANGELINAN (3),<br>PHONG H,UNG TRAN (4),<br>JONATHAN PENA (5),<br><br>Defendants. | No. 16CR1409-H<br><br>JOINT MOTION TO (1) CONTINUE MOTION HEARING AND (2) EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT<br><br>Date: July 25, 2016<br>Time: 2:00 p.m. |

The parties jointly move to continue the motion hearing currently set for July 25, 2016 at 2:00 p.m. to October 24, 2016 at 2:00 p.m., and to exclude time under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7). In support, the parties submit as follows:

1. On June 16, 2016, a federal grand jury returned a 14-count indictment charging the defendants with conspiracy, honest services mail fraud, violations of the Travel Act, and criminal forfeiture, in connection with an alleged $34 million kickback and bribery scheme through which service providers paid bribes

and kickbacks to doctors to write prescriptions for compound creams or make referrals for durable medical equipment, and then to submit them to specific pharmacies and companies to be filled.

2. The defendants made their initial appearances and were arraigned on the indictment in the Southern District of California on June 28, 2016. The Speedy Trial Act, 18 U.S.C. § 3161(c)(1), requires trial to commence within 70 days from that date. Section 3161(h) excludes certain periods of time in calculating the 70 days, including delay resulting from a continuance if the court finds "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The court must "set[] forth . . . either orally or in writing, its reasons" for the finding. Id. The court "shall consider" the following factors, "among others":

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would

> deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the existence of due diligence.

U.S.C. § 3161(h)(7)(B). "No continuance under [this provision] shall be granted because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." U.S.C. § 3161(h)(7)(C).

    3. The parties agree that the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendants in a speedy trial, for the following reasons:

    a. According to the indictment, the alleged scheme involved years' worth of medical treatments, millions of dollars in bills, thousands of dollars in corrupt payments, and hundreds of patients. There are dozens of recordings to review, ranging in length from a few minutes to an hour or more. The discovery also includes thousands of pages of insurance claim files and bank records.

    b. Because the claims involve patient identities, medical treatment, and billing records, the discovery in this case is sensitive. The parties on July 8, 2016 jointly sought a protective order from the Court protecting access to the discovery. No discovery has yet been provided, pending the Court's consideration of the motion for the Protective Order. That Order was just signed on July 18, 2016.

c. The United States has made arrangements for defense counsel to receive and review the discovery in a convenient manner, by offering to load hard drives with the discovery and send those directly to defense counsel. But the process of formatting and loading each hard drive takes some time, which will need to be repeated for the five defense counsel. The United States has so far received hard drives from two of the five defense counsel.

d. Given the volume of discovery and the need to protect and limit its disclosure, the defense needs time to obtain the material and review it before they can file and litigate pretrial motions and provide an estimate of trial length.

4. Accordingly, the parties request a continuance of the motion hearing until October 24, 2016.

5. The parties have exercised due diligence. The parties submit that the amount of discovery and the nature of the charges make it unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by the Speedy Trial Act. The parties further submit that the failure to grant the requested continuance would deny counsel the reasonable time necessary for effective preparation and result in a miscarriage of justice.

6. Defendants are all currently out of custody.

7. Counsel for defendants represent that they have discussed the need for this continuance with their respective

clients, and that each defendant agrees to and joins in the request for this continuance.

8. The parties therefore jointly move for a continuance and to exclude time under the Speedy Trial Act. The parties agree the period of delay excluded spans from the filing of this joint motion until the new date for the hearing pursuant to U.S.C. § 3161(h)(1)(D) and (h)(7)(A); specifically, that the time between July 19, 2016 and October 24, 2016 shall be excluded.

DATED: July 19, 2016          Respectfully submitted,

                              LAURA E. DUFFY
                              United States Attorney
                              s/ Valerie H. Chu
                              VALERIE H. CHU
                              Assistant United States Attorney

                              s/Steven Goldsobel (w/authorization)
                              STEVEN GOLDSOBEL
                              Counsel for Hootan Melamed (Def 1)

                              s/Gerald Werksman (w/authorization)
                              GERALD WERKSMAN
                              Counsel for Jean Picard (Def 2)

                              s/Patrick Q. Hall (w/authorization)
                              PATRICK Q. HALL
                              Counsel for John Pangelinan(Def 3)

                              s/Thomas Warwick (w/authorization)
                              THOMAS WARWICK
                              Counsel for Phong Tran (Def 4)

                              s/Gretchen von Helms (w/authorization)
                              GRETCHEN VON HELMS
                              Counsel for Jonathan Pena (Def 5)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. 16cr1409-H |
| Plaintiff, | ) CERTIFICATE OF SERVICE |
| v. | ) |
| HOOTAN MELAMED (1),<br>JEAN FRANCOIS PICARD (2),<br>JOHN PANGELINAN (3),<br>PHONG HUNG TRAN (4),<br>JONATHAN PENA (5), | ) |
| Defendants. | ) |

IT IS HEREBY CERTIFIED THAT:

I, Valerie H Chu, am a citizen of the United States and am at least 18 years of age. My business address is 880 Front Street, San Diego, California 92101-8893.

I am not a party to this case. I have caused service of the attached Joint Motion on the parties to this case by filing the foregoing with the Clerk of the District Court using its ECF system, which electronically notifies them.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 19, 2016

                                      s/ Valerie H. Chu
                                      VALERIE H. CHU