LAURA E. DUFFY
United States Attorney
VALERIE H. CHU
California Bar No. 241709
Assistant U.S. Attorney
Federal Office Building
880 Front Street, Room 6293
San Diego, CA 92101-8893
Tel.: (619) 546-6750
Email: Valerie.chu@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 16CR1409-H |
| | ) | |
| Plaintiff, | ) | JOINT MOTION TO (1) CONTINUE |
| | ) | MOTION HEARING AND (2) EXCLUDE |
| v. | ) | TIME UNDER THE SPEEDY TRIAL ACT |
| | ) | |
| | ) | |
| HOOTAN MELAMED (1), | ) | Date:  October 24, 2016 |
| JEAN FRANCOIS PICARD (2), | ) | Time:  2:00 p.m. |
| JOHN PANGELINAN (3), | ) | |
| PHONG HUNG TRAN (4), | ) | |
| JONATHAN PENA (5), | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The parties jointly move to continue the motion hearing currently set for October 24, 2016 at 2:00 p.m. to January 23, 2017 at 2:00 p.m., and to exclude time under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7).  In support, the parties submit as follows:

1.   On June 16, 2016, a federal grand jury returned a 14-count indictment charging the defendants with conspiracy, honest services mail fraud, violations of the Travel Act, and criminal forfeiture, in connection with an alleged $34 million kickback and bribery scheme through which service providers paid bribes and kickbacks to doctors to write prescriptions for compound creams or make referrals for durable

1

1  medical equipment, and then to submit them to specific pharmacies and
2  companies to be filled.

3      2.   The defendants made their initial appearances and were
4  arraigned on the indictment in the Southern District of California on
5  June 28, 2016.  The Speedy Trial Act, 18 U.S.C. § 3161(c)(1), requires
6  trial to commence within 70 days from that date.  Section 3161(h)
7  excludes certain periods of time in calculating the 70 days, including
8  delay resulting from a continuance if the court finds "the ends of
9  justice served by taking such action outweigh the best interest of the
10 public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).
11 The court must "set[] forth . . . either orally or in writing, its
12 reasons" for the finding. Id. The court "shall consider" the following
13 factors, "among others":

14     (i) Whether the failure to grant such a continuance in the
       proceeding would be likely to make a continuation of such
15     proceeding impossible, or result in a miscarriage of
       justice.
16
       (ii) Whether the case is so unusual or so complex, due to
17     the number of defendants, the nature of the prosecution, or
       the existence of novel questions of fact or law, that it is
18     unreasonable to expect adequate preparation for pretrial
       proceedings or for the trial itself within the time limits
19     established by this section.

20     . . .

21     (iv) Whether the failure to grant such a continuance in a
       case which, taken as a whole, is not so unusual or so
22     complex as to fall within clause (ii), would deny the
       defendant reasonable time to obtain counsel, would
23     unreasonably deny the defendant or the Government
       continuity of counsel, or would deny counsel for the
24     defendant or the attorney for the Government the reasonable
       time necessary for effective preparation, taking into
25     account the existence of due diligence.
26
27 U.S.C. § 3161(h)(7)(B). "No continuance under [this provision] shall be
28 granted because of general congestion of the court's calendar, or lack

of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." U.S.C. § 3161(h)(7)(C).

3.    The parties agree that the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendants in a speedy trial, for the following reasons:

a.    According to the indictment, the alleged scheme involved years' worth of medical treatments, millions of dollars in bills, thousands of dollars in corrupt payments, and hundreds of patients.

b.    Because the claims involve patient identities, medical treatment, and billing records, the discovery in this case is sensitive.  The Court issued a protective order on July 18, 2016.

c.    On about August 4, 2016, the United States made a first round of discovery available to defense counsel, by loading eth material onto hard drives provided by each defense team.  This round of discovery included thousands of pages of bank records, agent reports, and subpoenaed documents, as well as hundreds of audio recordings ranging in duration from a few minutes to over an hour.  This production represented the bulk of the discovery material.

d.    On about September 21, 2016, the United States made available a second round of discovery, consisting of emails and additional bank records and reports.  With this production of discovery, and recognizing that discovery obligations are ongoing, the disclosures are substantially complete.

e.    Given the volume of discovery and the need to protect and limit its disclosure, the defense needs time to review the

material before they can file and litigate pretrial motions and provide an estimate of trial length.

4.   Accordingly, the parties request a continuance of the motion hearing until January 23, 2017.

5.   The parties have exercised due diligence.  The parties submit that the amount of discovery and the nature of the charges make it unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by the Speedy Trial Act.  The parties further submit that the failure to grant the requested continuance would deny counsel the reasonable time necessary for effective preparation and result in a miscarriage of justice.

6.   Defendants are all currently out of custody.

7.   Counsel for defendants represent that they have discussed the need for this continuance with their respective clients, and that each defendant agrees to and joins in the request for this continuance.

8.   The parties therefore jointly move for a continuance and to exclude time under the Speedy Trial Act. The parties agree the period of delay excluded spans from the filing of this joint motion until the new date for the hearing pursuant to U.S.C. § 3161(h)(1)(D) and (h)(7)(A); specifically, that the time between October 14, 2016 and January 23, 2017 shall be excluded.

//

//

//

//

//

//

1    **SO STIPLUATED AND AGREED.**

2    DATED: October 17, 2016    LAURA E. DUFFY
                                 United States Attorney

3                                    s/ Valerie H. Chu

4                                    VALERIE H. CHU
                                   Assistant United States Attorney

5

6                                    s/Steven Goldsobel (w/authorization)
                                   STEVEN GOLDSOBEL
                                   Counsel for Hootan Melamed (Def 1)

7

8                                    s/Gerald Werksman (w/authorization)
                                   GERALD WERKSMAN

9                                    Counsel for Jean Picard (Def 2)

10                                 s/Patrick Q. Hall (w/authorization)
                                 PATRICK Q. HALL

11                                 Counsel for John Pangelinan(Def 3)

12                                 s/Thomas Warwick (w/authorization)

13                                 THOMAS WARWICK
                                Counsel for Phong Tran (Def 4)

14

15                                 s/Gretchen von Helms (w/authorization)
                                GRETCHEN VON HELMS

16                                 Counsel for Jonathan Pena (Def 5)

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4                              UNITED STATES DISTRICT COURT

5                            SOUTHERN DISTRICT OF CALIFORNIA

6    UNITED STATES OF AMERICA         ) No. 16cr1409-H
                                      )
7                  Plaintiff,         ) CERTIFICATE OF SERVICE
                                      )
8        v.                           )
9                                     )
                                      )
10   HOOTAN MELAMED (1),              )
     JEAN FRANCOIS PICARD (2),        )
11   JOHN PANGELINAN (3),             )
     PHONG HUNG TRAN (4),             )
12   JONATHAN PENA (5),               )
                                      )
13                 Defendants.        )
                                      )
14   ─────────────────────────────────

15

     IT IS HEREBY CERTIFIED THAT:
16

17        I, Valerie H Chu, am a citizen of the United States and am at
     least 18 years of age.  My business address is 880 Front Street, San
     Diego, California 92101-8893.
18

19        I am not a party to this case.  I have caused service of the
     attached Joint Motion on the parties to this case by filing the
20   foregoing with the Clerk of the District Court using its ECF system,
     which electronically notifies them.
21

          I declare under penalty of perjury that the foregoing is true
22   and correct.

23        Executed on October 17, 2016
                                   s/ Valerie H. Chu
24                                 VALERIE H. CHU

25

26

27

28

                                      6