ALANA W. ROBINSON
Acting United States Attorney
VALERIE H. CHU
California Bar No. 241709
Assistant U.S. Attorney
Federal Office Building
880 Front Street, Room 6293
San Diego, CA 92101-8893
Tel.: (619) 546-6750
Email: Valerie.chu@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16CR1409-H |
| v. | JOINT MOTION TO (1) CONTINUE MOTION HEARING AND (2) EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT |
| HOOTAN MELAMED (1), JEAN FRANCOIS PICARD (2), JOHN PANGELINAN (3), PHONG HUNG TRAN (4), | Date: August 28th, 2017<br>Time: 2:00 p.m. |
| Defendants. | |

The captioned parties jointly move to continue the motion hearing currently set for August 28th, 2017 at 2:00 p.m. to November 20th, 2017 at 2:00 p.m., and to exclude time under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7). In support, the parties submit as follows:

1. On June 16, 2016, a federal grand jury returned a 14-count indictment charging the defendants with conspiracy, honest services mail fraud, violations of the Travel Act, and criminal forfeiture, in connection with an alleged $34 million kickback and bribery scheme through which service providers paid bribes and kickbacks to doctors to write prescriptions for compound creams or make referrals for durable medical equipment, and then to submit them to specific pharmacies and companies to be filled.

2. The defendants made their initial appearances and were arraigned on the indictment in the Southern District of California on June 28, 2016. The Speedy Trial Act, 18 U.S.C. § 3161(c)(1), requires trial to commence within 70 days from that date. Section 3161(h) excludes certain periods of time in calculating the 70 days, including delay resulting from a continuance if the court finds "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The court must "set[] forth . . . either orally or in writing, its reasons" for the finding. Id. The court "shall consider" the following factors, "among others":

>    (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
>    (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
>    . . .
>
>    (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the existence of due diligence.

U.S.C. § 3161(h)(7)(B). "No continuance under [this provision] shall be granted because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." U.S.C. § 3161(h)(7)(C).

3. The parties agree that the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendants in a speedy trial, for the following reasons:

      a. According to the indictment, the alleged scheme involved years' worth of medical treatments, millions of dollars in bills, thousands of dollars in corrupt payments, and hundreds of patients.

      b. Because the claims involve patient identities, medical treatment, and billing records, the discovery in this case is sensitive. The Court issued a protective order on July 18, 2016.

      c. The discovery consists of thousands of pages of bank records, agent reports, and subpoenaed documents, as well as hundreds of audio recordings ranging in duration from a few minutes to over an hour.

      d. Given the volume of discovery and the need to protect and limit its disclosure, the defense needs time to review the material before they can file and litigate pretrial motions and provide an estimate of trial length.

      e. To assist the parties in evaluating the discovery, the United States has offered to meet with defense counsel. Those meetings are being scheduled and have not yet occurred.

    4. Accordingly, the parties request a continuance of the motion hearing until August 28, 2017.

    5. The parties have exercised due diligence. The parties submit that the amount of discovery and the nature of the charges make it unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by the Speedy Trial Act. The parties further submit that the failure to grant the requested continuance would deny counsel the reasonable time necessary for effective preparation and result in a miscarriage of justice.

    6. Defendants are all currently out of custody.

    7. Counsel for defendants represent that they have discussed the need for this continuance with their respective clients, and that each defendant agrees to and joins in the request for this continuance.

8. The parties therefore jointly move for a continuance and to exclude time under the Speedy Trial Act. The parties agree the period of delay excluded spans from the filing of this joint motion until the new date for the hearing pursuant to U.S.C. § 3161(h)(1)(D) and (h)(7)(A); specifically, that the time between August 28, 2017 and November 20th, 2017 shall be excluded.

**SO STIPLUATED AND AGREED.**

DATED: August 23, 2017         ALANA ROBINSON
                               Acting United States Attorney

                               s/ Valerie H. Chu
                               VALERIE H. CHU
                               Assistant United States Attorney

                               s/Steven Goldsobel (w/authorization)
                               STEVEN GOLDSOBEL
                               Counsel for Hootan Melamed (Def 1)

                               s/GERALD Werksman (w/authorization)
                               GERALD WERKSMAN
                               Counsel for Jean Francois Picard (Def 2)

                               s/Patrick Q. Hall (w/authorization)
                               PATRICK Q. HALL
                               Counsel for John Pangelinan (Def 3)

                               s/Thomas Warwick (w/authorization)
                               THOMAS WARWICK
                               Counsel for Phong Tran (Def 4)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 16cr1409-H |
| Plaintiff, | ) ) | CERTIFICATE OF SERVICE |
| v. | ) ) | |
| HOOTAN MELAMED (1), JEAN FRANCOIS PICARD (2), JOHN PANGELINAN (3), PHONG HUNG TRAN (4), | ) ) ) ) ) | |
| Defendants. | ) ) | |

IT IS HEREBY CERTIFIED THAT:

I, Valerie H Chu, am a citizen of the United States and am at least 18 years of age. My business address is 880 Front Street, San Diego, California 92101-8893.

I am not a party to this case. I have caused service of the attached Joint Motion on the parties to this case by filing the foregoing with the Clerk of the District Court using its ECF system, which electronically notifies them.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 23rd, 2017

s/ Valerie H. Chu
VALERIE H. CHU