Steven M. Goldsobel (State Bar No. 166405)
Law Offices of Steven Goldsobel,
A Professional Corporation
1901 Avenue of the Stars, Suite 1750
Los Angeles, CA 90067
Tel: (310) 552-4848
Fax: (310) 695-3860
Email: steve@sgoldsobel.com

Attorneys for Defendant
HOOTAN MELAMED

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>HOOTAN MELAMED,<br><br>Defendant. | CASE NO. 16CR1409H<br><br>**DEFENDANT HOOTAN MELAMED'S <u>UNOPPOSED</u> MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>**[PROPOSED ORDER LODGED CONCURRENTLY HEREWITH]** |

## I.    INTRODUCTION

Defendant Hootan Melamed, with the non-opposition of the government, by and through Assistant U.S. Attorney Valerie Chu, and the U.S. Probation Office, hereby moves to terminate his term of supervised release pursuant to 18 U.S.C. § 3583(e)(1). Defendant's 3-year term of supervised release began on October 27, 2021, and, therefore, more than two years of Defendant's three-year term has passed.  As explained below, Defendant more than meets the criteria for early termination of his supervised release.

## II.   BACKGROUND

Defendant pleaded guilty to a Superseding Information in November 2020 (Dkt. No. 404) and, thereafter, was sentenced on March 29, 2021 (Dkt. No. 450).  The Court sentenced Defendant to six months' imprisonment and three years' supervised release. *See* Amended Judgment and Commitment Order. *Id*.  During Defendant's term of supervised release, the Court ordered Defendant to serve six months at a Residential Reentry Center ("RRC").

As ordered, Defendant completed his six-month term of imprisonment, which included two lengthy periods of solitary confinement, on October 27, 2021, at which time he began his three-year term of supervised release.  During his term of supervised release, Defendant served 180 days (*i.e.*, 6 months) at RRC.  Defendant completed his 180 days of punitive RRC confinement on October 21, 2022, and subsequently has been under the supervision of the U.S. Probation Office.  Defendant has been supervised in the Central District of California since Defendant resides in Los Angeles.

Most recently, from February 2023 until October 25, 2023, Defendant was supervised by U.S. Probation Officer Mayra Fernandez-Wynn.  Officer Fernandez-Wynn conducted a home visit on August 30, 2023.  As early as September 2023, Officer Fernandez-Wynn recommended that Defendant move for early termination of his supervised release.  On September 19, 2023, Officer Fernandez-Wynn wrote to Mr. Melamed's counsel:

**DEFENDANT HOOTAN MELAMED'S <u>UNOPPOSED</u> MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

As discussed with Mr. Melamed, he will have to complete at least one more drug screen to be in full compliance with all conditions of supervision. This is a random drug screen, for which Mr. Melamed will only have 24 hours of notice. Once our office receives the results of the urinary analysis, probation can then confirm our stance of not opposing a motion for early termination by counsel. Let me know if you have any questions.

On September 26, 2023, Defendant had a drug test administered by Officer Fernandez-Wynn.  Like every other drug test taken by Defendant, Defendant tested negative.

As Defendant was about to apply to the Court for early termination, Defendant's supervision was reassigned to a new probation officer, Gerardo Landeros, on October 25, 2023.  Officer Landeros required Defendant to undergo a new evaluation before Officer Landeros would provide the Probation Office's position to the Court on the early termination of Defendant's supervised release.  Thereafter, Officer Landeros interviewed Defendant, conducted an on-site home inspection, and administered another drug test.

On November 28, 2023, Officer Landeros informed Defendant:

We have concluded our investigation and determined that you are suitable for early termination. Your case is out of the Southern District, and they might have different conditions in regard to your early term. As far as our office in the Central District, we have determined that you are suitable for early term.

Thereafter, Defendant contacted the U.S. Probation Office in San Diego on November 28, 2023.  Defendant was informed that he no longer has an assigned Probation Officer in the Southern District and that the Central District will submit the paperwork required for Defendant's early termination.

## III.    APPLICABLE LAW

Title 18, section 3583(e)(1) of the United States Code authorizes the Court to terminate a defendant's term of supervised release at any time after the expiration of one

**DEFENDANT HOOTAN MELAMED'S UNOPPOSED MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

year of supervision if the Court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."

Section 3583(e) directs the Court to consider the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7) in deciding whether to terminate a term of supervised release. The Judicial Conference has identified the following criteria to assess eligibility for early termination:

Officers should consider the suitability of early termination for offenders as soon as they are statutorily eligible. The general criteria for assessing whether a statutorily eligible offender should be recommended to the court as an appropriate candidate for early termination are as follows:

1.    stable community reintegration (e.g., residence, family, employment);

2.    progressive strides toward supervision objectives and in compliance with all conditions of supervision;

3.    no aggravated role in the offense of conviction, particularly large drug or fraud offenses;

4.    no history of violence (e.g., sexually assaultive, predatory behavior, or domestic violence);

5.    no recent arrests or convictions (including unresolved pending charges), or ongoing, uninterrupted patterns of criminal conduct;

6.    no recent evidence of alcohol or drug abuse;

7.    no recent psychiatric episodes;

8.    no identifiable risk to the safety of any identifiable victim; and

9.    no identifiable risk to public safety based on the Risk Prediction Index (RPI).

Guide to Judiciary Policy, Vol. 8E, Ch. 3 § 380.10(b), "Early Termination" (Monograph 109)(rev'd 2010)(emphasis added).

Pursuant to the policy, "there is a presumption in favor of recommending early termination" for supervisees after the first 18 months if they are not "career violent and/or

**DEFENDANT HOOTAN MELAMED'S UNOPPOSED MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

drug offenders, sex offenders, or terrorists," if they "present no identified risk to the public or victims," and if they are "free from any moderate or high severity violations." Id., § 380.10(g).

Further, on February 16, 2012, the Honorable Robert Holmes Bell, Chair of the Committee on Criminal Law of the Judicial Conference, issued a memorandum to all United States District Court Judges encouraging them to grant early termination of supervised release in appropriate cases as an effort to reduce expenditures in the probation and pretrial services programs. Terminating "appropriate cases before they reach their full term saves resources and allows officers to focus on offenders who continue to pose the greatest risk of recidivism." Judge Bell's memorandum notes that supervision costs approximately $3,938 per year per case. Analysis by the Administrative Office of the Courts indicates that offenders who received early termination were "arrested less often, for less serious charges, and were sentenced to terms of imprisonment less often." Accordingly, "[f]rom a policy standpoint, it appears that the above criteria, when properly applied, does not jeopardize public safety." Id.

## IV.   DEFENDANT SATISIFIES ALL THE CRITERIA FOR EARLY TERMINATION

Defendant satisfies all the factors set forth for early termination. He has completed all of the terms of supervision imposed by the Court and has no need for programming or treatment. Defendant has no unsatisfied financial obligation as part of his sentence and, since his release from RRC, Defendant's supervision has been smooth. Defendant also has traveled domestically and internationally for work and with family. Defendant remarried and, with his wife, they care for five children.

During his supervised release, Defendant has worked two different career paths, one devoted to real estate investment, the other to marketing a high-quality line of probiotics that he formulated. Despite sweat and grit, the real estate business is stagnant because of ever increasing interest rates and is in a holding pattern. Defendant's

**DEFENDANT HOOTAN MELAMED'S UNOPPOSED MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

probiotics business, however, has real promise with interest from international distributors.

By terminating his supervision, Defendant will be able to work more efficiently, traveling when needed without permission from the Court or the U.S. Probation Office. Most recently, on December 4, 2023, the Court authorized Defendant to travel to Dubai, UAE, and surrounding countries, between January 22, 2024, and February 15, 2024, to attend a conference and meet with potential distributors in surrounding areas.  Dkt. No. 601.  Defendant anticipates extensive work-related travel thereafter.

Also relevant, on January 13, 2023, the Court terminated the supervision of Defendant Phong Hung Tran. Dkt. No. 582.  The motion was unopposed by the government and the U.S. Probation Office.  The cited basis for Defendant Tran's motion was the *potential* to travel as part of volunteer work.  Dkt. No. 581-1.  Here, Defendant Melamed's travel is not speculative and is integral to his efforts to market internationally a developed line of probiotics.

## V.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court terminate the remaining period of this term of supervised release.  A proposed order is lodged concurrently herewith.

Respectfully submitted,

Dated:  January 8, 2024

LAW OFFICES OF STEVEN GOLDSOBEL, A PROFESSIONAL CORPORATION

By: */s/ Steven Goldsobel*
    STEVEN M. GOLDSOBEL
    Attorney for Defendant Hootan Melamed

**DEFENDANT HOOTAN MELAMED'S UNOPPOSED MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1901 Avenue of the Stars, Suite 1750, Los Angeles, CA  90067. On January 8, 2024, I served the foregoing document described as:

**DEFENDANT HOOTAN MELAMED'S UNOPPOSED MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope, addressed as follows:

| | |
|---|---|
| Valerie Chu<br>U.S. Attorney's Office<br>Southern District of California<br>Criminal Division<br>880 Front Street, Room 6293<br>San Diego, CA 92101<br>619-546-6750 p<br>619-546-0450 f<br>Valerie.Chu@usdoj.com<br><br>*Attorney for USA* | Gerardo Landeros<br>U S Probation Officer<br><br>Gerardo_Landeros@cacp.uscourts.gov |
| John Moore<br>U S Probation Officer<br>John_Moore@casp.uscourts.gov | |

**[X]    BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION:**
Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document to be sent to the respective e-mail addresses of the parties.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on January 8, 2024, at Los Angeles, California.

*/s/ Samantha Carranza*
Samantha Carranza

-1-
**DEFENDANT HOOTAN MELAMED'S UNOPPOSED MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**